IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DBS Construction, Inc. and William Szarmach d/b/a Chase Street Auto Wrecking,<br><br>    Plaintiffs,<br>  v.<br><br>New Equipment Leasing, Inc., Robert Wolford, Miller, Johnson, Snell & Cummiskey, PLC and John Doe Company (whose true and accurate name is unknown,<br><br>    Defendants. | Case No. 2:10-CV-00225 |

New Equipment Leasing, Inc., Robert Wolford, Miller, Johnson, Smell & Cummiskey, PLC,

    Counterclaimants,

  v.

DBS Construction, Inc. and William Szarmach d/b/a Chase Street Auto Wrecking,

    Counter Defendants.

## Report of Parties' Planning Meeting

In accordance with FED. R. CIV. P. 26(f) and the Notice issued by the Court on June 4, 2010 (Doc. No. 12), counsel for the parties conducted a discovery planning conference to comply with the Court's deadline on July 8, 2010.

Pre-Discovery Disclosures. By July 23, 2010, the parties will exchange the information required by FED. R. CIV. P. 26(a)(1).

Discovery Plan. The parties jointly propose to the court the following discovery

plan:

Discovery will be needed on the following subjects:

- Those matters contained within the Plaintiff's Complaint, Defendants Answer and Counterclaims and Affirmative Defenses.

- The personal and business relationships between the Plaintiffs.

- The personal and business relationships between the Plaintiffs and Michael Szarmach.

- The personal and business relationships between the Plaintiffs and Brandon Excavating, LLC.

- The factual basis for the Plaintiffs' claims against Defendants Robert Wolford and Miller, Johnson, Snell & Cummiskey, P.L.C.

- The factual basis for the Plaintiffs' against Defendant New Equipment Leasing, Inc.

- The unauthorized use and possession by Plaintiffs and potential third parties not yet joined in this lawsuit of New Equipment Leasing Inc.'s equipment.

The last date for the completion of all discovery is November 30, 2010.

Maximum of 25 interrogatories by each party to any other party, consistent with FED. R. CIV. P. 33(a)(1).

Maximum of 30 requests for admission by each party to any other party, consistent with N.D. Ind. L.R. 26.1(b).

Maximum of 10 depositions by Plaintiffs, 10 by Defendant New Equipment Leasing, Inc. and 5 by Defendants Robert Wolford and Miller, Johnson, Snell & Cummiskey, P.L. C.

Each deposition limited to maximum of one day of 7 hours unless extended by agreement of parties or court order, consistent with FED. R. CIV. P. 30(d)(1).

2

The filing of reports from retained experts under Rule 26(a)(2) due:

    from Plaintiffs by September 1, 2010.

    from Defendants by October 1, 2010.

Any evidentiary objections to another party's expert witness, whether directed to the witness's qualifications or to the foundation for the anticipated testimony, shall be filed by November 1, 2010. Counsel stipulate that a failure to file such objections is waiver of any objection to opinion testimony outlined in the statement filed by the witness's proponent.

Supplementations under Rule 26(e) due every six weeks until trial.

<u>Electronically Stored Information</u>. The parties have discussed preservation and disclosure of electronically stored discovery information which is reasonably available to the parties in the ordinary course of business. The parties have agreed to exchange responsive and discoverable electronically stored information without metadata, in hard copy, or in tiff or pdf format created directly from the original electronic document. The parties have further agreed that the inadvertent production of any document or information during discovery in the litigation shall be without prejudice to any claim that such material is privileged under the attorney-client privilege or other privilege, or protected from discovery as work product. No party shall be held to have waived any rights by such inadvertent production so long as the receiving party is notified within ten (10) days of the discovery by the inadvertently producing party that there has been such an inadvertent production. Upon written request by the inadvertently producing party, the receiving party shall return all copies of the document and not use the information in the document for any purpose until further order of the Court. Should the need arise, the parties will discuss and attempt to reach agreement on

issues relating to cost allocation and the use of search terms to facilitate discovery.

Other Items.

The last date for the Plaintiffs to join additional parties and to amend the pleadings without leave of Court is August 15, 2010.

The last date for the Defendants to join additional parties and to amend the pleadings without leave of Court is August 31, 2010.

The last date for the filing of all potentially dispositive motions is

_____.

The timing of filing pretrial disclosures under FED. R. CIV. P. 26 (a)(3) shall be governed by separate order.

As required by N.D. IND. L.R. 16.6, the parties are considering the use of an Alternative Dispute Resolution process. They have not reached an agreement on which process, if any, to use.

The case should be ready for a jury trial by March 1, 2011, and at this time, the trial is expected to take approximately three days to complete.

Counsel are aware that the Court has various audio/visual and evidence

presentation equipment available for use at trial at no cost to the Bar. Counsel

know that this includes an evidence presentation system, which consists of a

document camera, digital projector, and screen. Counsel know the projector may be

used to display images which originate from a variety of sources, including

television, VCR, and personal computer. The document camera may be used to

display documents, photographs, charts, transparencies, and small objects. Counsel

acknowledge they can contact one of the Court's courtroom deputy clerks for

information or training.

4

Date:  July 9, 2010

By:  s/ Scott A. Loitz               
     Scott A. Loitz (18761-64)
     Attorney for Defendant New
       Equipment Leasing, Inc.

     JONES OBENCHAIN, LLP
     600 KeyBank Building
     202 South Michigan Street
     Post Office Box 4577
     South Bend, Indiana 46634-4577
     Telephone:  (574) 233-1194
     E-mail: sloitz@jonesobenchain.com

By:  s/ Richard P. Long             
     Richard P. Long
     Rubino, Ruman, Crosmer, Smith
       Sercic & Polen
     Suite 330
     275 Joliet Street
     Dyer, Indiana 46311
     Telephone: (219) 322-8222
     E-mail: rlong@rubinruman.com


By:  s/ Timothy J. Abeska          
     Timothy J. Abeska
     Barnes & Thornburg LLP
     600 1st Source Bank Center
     100 North Michigan Street
     South Bend, Indiana  46601-1632
     Telephone: (574) 233-1171
     E-mail: tim.abeska@btlaw.com
     Attorney for Defendants Robert
     Wolford  and Miller, Johnson, Snell
     & Cummiskey, P.L.C.

## Certificate of Service

The undersigned hereby certifies that on July 9, 2010, he filed the foregoing

Report of Parties' Planning Meeting electronically. Notice of this filing will be sent

to the following parties by operation of the Court's electronic filing system. The

parties may access this filing through the Court's system.

> Timothy J. Abeska (tim.abeska@btlaw.com)
> John R. Craig (john@jrclaw.com)
> Michael V. Knight (michael.knight@btlaw.com)
> Richard P. Long (rlong@rubinoruman.com)
> Alice J. Springer (alice.springer@btlaw.com)
> Megan L. Ward (megan@mlwardlaw.com)

> s/ Scott A. Loitz_____
> Scott A. Loitz (18761-64)