# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DBS CONSTRUCTION INC. and<br>WILLIAM SZARMACH d/b/a<br>CHASE STREET AUTO WRECKING,<br><br>Plaintiffs,<br><br>v.<br>NEW EQUIPMENT LEASING, INC.,<br>ROBERT WOLFORD, MILLER,<br>JOHNSON, SNELL & CUMMISKEY,<br>PLC, and JOHN DOE COMPANY<br>(WHOSE TRUE AND ACCURATE<br>NAME IS UNKNOWN),<br><br>Defendant. | 2:10-CV-225 |

## OPINION and ORDER

DBS Construction Inc. and William Szarmach d/b/a Chase Street Auto Wrecking ("Szarmach") seek the return of a piece of construction equipment that they say was improperly repossessed from his company. Szarmach brought this action under Indiana's replevin statute. *See* I.C. §32-35-2-5. Szarmach claims to be the owner of a New Holland 170 loader which defendant New Equipment Leasing, Inc. took possession of on April 22, 2010. The principle question that I must answer is who owns the loader. If it is owned by Szarmach, then it must be returned to him immediately. If, on the other hand, the loader is actually owned by Szarmach's son, as New Equipment contends, then New Equipment properly seized it. I held an evidentiary hearing to answer that question. Because the evidence showed that Szarmach is the actual owner of the loader, and that New Equipment unlawfully seized it, Szarmach's motion to return the equipment is GRANTED and the loader is ordered returned to Szarmach subject to the condition discussed below.

**Background**

At the hearing, I heard testimony from Plaintiff William Szarmach and Raymond Lanning, President of New Equipment. William Szarmach owned Chase Street Auto Wrecking, a salvage company that is no longer in business. Szarmach currently owns DBS Construction, Inc. On December 27, 2001, when Chase Street was still in business, he purchased a New Holland 170 Wheel Loader from Ronson Equipment Company, and financed it with New Holland Credit Company. He testified that he still owns the loader, and never sold or gave it away. Szarmach submitted the retail order from Ronson Equipment dated December 27, 2001 (Ex. 1), and multiple checks payable to Ronson Equipment and New Holland Credit Co., as evidence that he paid Ronson Equipment the down payment and made payments to New Holland as part of the financing agreement. (Exs. 3, 5.)

Szarmach also testified that he insured the loader until 2008, when the loader was paid in full. He testified that he uses the loader for his business, and permits his sons – who are in the construction business – to use the loader as well. One of his sons owns Brandon Excavating, and Szarmach admitted that his son used the loader for his business and placed Brandon's logos on the loader to avoid problems with unions at his work sites. Evidently, if union members see that non-union companies (like Szarmach's companies) are on job sites, mischief in the form of vandalism frequently ensues. Szarmach denied ever selling or giving away the loader, and he stated that he didn't know at the time that the logos from Brandon Excavating had been placed on the loader.

New Equipment admits that it took possession of the loader and continues to possess it, but it contends that it has a right to possess the loader. New Equipment claims that the loader is

2

actually owned by Szarmach's son's company, Brandon Excavating. New Equipment's president, Raymond Lanning, testified that Brandon Excavating entered into multiple lease agreements with Brandon Excavating whereby a number of pieces of construction equipment were leased to Brandon Excavating. He stated that the leases included a clause that created a security interest in all of Brandon Excavating's assets and that he filed a UCC statement establishing that security interest. (DE 32-1, at 3; Ex. A.) Lanning testified that after Brandon Excavating defaulted on the leases, New Equipment was unable to find the actual equipment it leased to Brandon Excavating. But New Equipment was able to locate other equipment – including the loader in question – that it believed Brandon Excavating owned.

Here's how that unfolded: a confidential source called Lanning and told him that the source could take Lanning to a piece of equipment that Brandon Excavating owned in exchange for a $500 payment. Lanning paid the source the money and the source took Lanning to a work site in Hobart, Indiana where a loader was located. The loader had Brandon Excavating's logo printed on the side. To recover its loss, Lanning stated that he exercised in self-help pursuant to the lease agreement he had with Brandon Excavating. Lanning felt comfortable that the loader belonged to Brandon Excavating because of the logo on the side of it. So he took possession of the loader, thinking that it was the property of Brandon Excavating. Lanning admitted New Equipment still has the loader but has refused to return it.

## Discussion

An action for replevin is proper when any personal goods, including tangible personal property, are wrongfully taken or unlawfully detained from the owner, or when personal goods are wrongfully taken on execution or attachment and claimed by any person other than the

defendant. I.C. 32-35-2-1. For a plaintiff to recover in an action for replevin, he must prove (1) his right to title or right to possession, (2) that the property was unlawfully detained, and (3) that the defendant wrongfully holds possession. *Whittington v. Indianapolis Motor Speedway Found., Inc.*, 601 F.3d 728, 732 (7th Cir. 2010); *United Farm Fam. Mut. Ins. Co. v. Michalski*, 814 N.E.2d 1060, 1066 (Ind. Ct. App. 2004). He must prove this by a preponderance of the evidence. *Whittington*, 601 F.3d at 732. But only where the plaintiff makes a "prima facie case of right to possession of the chattel sought, does the burden of going forward with the evidence to show a right of possession rest on the defendant." *United Farm*, 814 N.E.2d at 1068. And the plaintiff's burden is to "prove his right to possession on the strength of his own title, not merely the weakness of the defendant's title or right to possession." *Whittington*, 601 F.3d at 732 (quoting *United Farm*, 814 N.E.2d at 1067-68).

Based on the testimony and documents submitted, Szarmach sufficiently showed his right to possess the loader and that New Equipment wrongfully took possession of it by a preponderance of the evidence. The documents indicating that Szarmach purchased the loader, and Szarmach's testimony that he purchased, insured, and never sold the loader shifted the burden to New Equipment to show its possessory interest. New Equipment failed to rebut Szarmach's evidence.

To be sure, there is no document that conclusively shows who owns the loader. I was surprised to learn at the hearing that, unlike cars or trucks, there are no titles to construction equipment. Indeed, the parties acknowledge that a loader is a non-titled piece of property. As a result, I had to rely on the testimony of the parties and a commonsense interpretation of the circumstances to determine ownership. *See Whittington*, 601 F.3d at 732. Szarmach submitted a

4

receipt from his purchase of the loader, and several checks that he wrote as payments to Ronson Equipment for the loader. (Exs. 1, 3, 5.) He also submitted insurance documents. Although the policy documents didn't list the loader specifically as being an insured item, Szarmach testified that he insured the loader until 2008. (Exs. 6, 7.) These documents are a little outdated, so alone they are not determinative as to who owns the loader. However, in conjunction with William Szarmach's testimony that he never sold the loader and simply lent it to his sons as needed, Szarmach made a sufficient prima facie showing that he both owns the loader and has a right to possess it.

New Equipment's evidence didn't rebut Szarmach's showing. New Equipment's argument is that the loader is actually owned by Brandon Excavating, not William Szarmach or his company. And because New Equipment has a security interest in all of Brandon Excavating's assets, it was entitled to take and possess the loader. New Equipment provided evidence of its security interest in Brandon Excavating's assets, but it failed to show that Brandon Excavating is the owner of the loader. The only evidence it presented in support was that the loader had Brandon Excavating's logos on it and that Lanning believed that Brandon Excavating owned it. (DE 40, at 3.)

Other than the logos, Lanning didn't support his belief with any evidence; it was just his hunch. Although the logos are some evidence that the loader is actually owned by Brandon Excavating, Szarmach provided a reasonable explanation – deterring rogue union members from vandalizing the equipment – as to why Brandon's logos appear on the loader. When weighing the evidence relating to the logos, on the one hand, against Szarmach's credible testimony of ownership, the compelling corroborating documentary evidence, and Szarmach's reasonable

explanation for why the Brandon Excavating's logos are on the loader, on the other, the weight of the evidence tips strongly in favor of Szarmach. Based on the evidence presented to me, Szarmach owns the loader and he is entitled to a preliminary order of possession.

New Equipment does point out that the Indiana replevin statutes require a plaintiff to post a bond before an order of possession can be entered. Here's what the statute says:

> [T]he court may not issue an order of possession, with or without notice, in the plaintiff's favor in an action under this chapter until the plaintiff has filed with the court a written undertaking:
>
> (1) in an amount fixed by the court; and
> (2) executed by a surety to be approved by the court;
>
> to the effect that the plaintiff and the surety are bound to the defendant for the value of the property, as determined by the court, along with other damages the defendant may suffer if the property has been wrongfully taken from the defendant.

I.C. 32-35-2-21(a). New Equipment requests a surety bond in the amount of $115,000.00, the price Szarmach paid for the loader. Alternatively, Szarmach requests that I issue a protective order prohibiting the sale of the loader instead of a surety bond, but provides no authority for why I should ignore this statutory requirement.

Pursuant to I.C. § 32-35-2-14 and I.C. § 32-35-2-15, William Szarmach is entitled to a preliminary determination that he is entitled to possession of the loader. However, Szarmach must file proof of a surety bond in the amount of $115,000.00 with the Court before I will order the New Holland 170 Loader to be delivered to Szarmach. The written undertaking must indicate that William Szarmach and the surety are bound to Defendant New Equipment Leasing, Inc. for the value of the New Holland 170 Loader ($115,000.00) in the event that the property is later found to have been wrongfully taken from the defendant. If the written undertaking is filed and I approve it, I will then promptly order the return of the loader to William Szarmach.

**SO ORDERED.**

**ENTERED:** September 10, 2010

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
