# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| DBS CONSTRUCTION INC. and WILLIAM | ) | |
| SZARMACH d/b/a CHASE STREET AUTO | ) | |
| WRECKING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:10-CV-225 |
| | ) | |
| NEW EQUIPMENT LEASING, INC., ROBERT | ) | |
| WOLFORD, MILLER, JOHNSON, SNELL | ) | |
| & CUMMISKEY, PLC, and JOHN DOE | ) | |
| COMPANY (WHOSE TRUE AND ACCURATE | ) | |
| NAME IS UNKNOWN), | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

Plaintiffs DBS Construction Inc. and William Szarmach d/b/a Chase Street Auto

Wrecking and Defendant New Equipment Leasing, Inc. have filed a series of motions jostling

over the amended counterclaims filed by New Equipment Leasing [DE 32]. For its part, New

Equipment Leasing has filed: 1) a Motion for Judgment on the Pleadings based on Plaintiffs'

failure to timely answer these amended counterclaims [DE 47]; 2) a Motion seeking the Court's

authorization to file its amended counterclaims (in case it did not already have such

authorization) [DE 55]; and 3) a Motion for Oral Argument to clarify these issues [DE 54].

Plaintiffs claim that they did not answer the amended counterclaims because New Equipment

Leasing never had any authority to file them [DE 51], but to be safe they have also filed a

Motion for Leave to Answer the amended counterclaims [DE 52]. While the current procedural

posture of this case is a bit messy, the way to clean everything up is ultimately uncomplicated:

New Equipment Leasing properly filed its amended counterclaims and, while Plaintiffs should

have timely replied to this pleading, I will nevertheless grant their request for leave to file an answer.

## BACKGROUND

New Equipment Leasing removed this case from Indiana state court on June 3, 2010, after which Magistrate Judge Cherry promptly set a Rule 16 Conference for July 15, 2010 and required the parties to submit a Rule 26(f) joint discovery plan by July 9, 2010 [DE 12], a deadline that the parties met [DE 23]. In general, Magistrate Judges will review the parties' 26(f) reports and will then enter the proposed discovery plan, either as-is or in a modified form, at the Rule 16 conferences. In this case, however, the parties 26(f) report was never addressed by the Court because on July 14, one day before the scheduled Rule 16 conference, Magistrate Judge Cherry recused himself from the case and vacated the scheduling conference. [DE 27.] The case was then reassigned to me and Magistrate Judge Rodovich. [DE 28.]

On August 10, 2010, New Equipment Leasing filed its Amended Answer, Affirmative Defenses, Jury Demand, and Counterclaim. [DE 32.] New Equipment Leasing did not seek leave of the Court to file this amendment because it believed – with good reason – that the Plaintiffs had already consented to the amendment: the July 9, 2010 joint discovery plan, signed by counsel for all parties, states that the "last date for the Defendants to join additional parties and to amend the pleadings without leave of Court is August 31, 2010." [DE 23 at 4.]

Assuming that New Equipment Leasing's amended counterclaims were in fact properly filed on August 10, 2010, Plaintiffs had until August 31, 2010 to file a timely reply. On September 28, 2010, having received no such timely reply, New Equipment Leasing filed a Motion for Judgment on the Pleadings on the grounds that Plaintiffs had failed to challenge the

allegations in the amended counterclaims. [DE 47.] Plaintiffs responded to this Motion by arguing that it was never required to reply to the amended counterclaims because, as a result of the Rule 16 conference being vacated, the amended counterclaims were "never approved by the court." [DE 51 at 2.] Apparently (and rightly) worried that this argument might be a loser, however, Plaintiffs hedged their bets by concurrently filing a Motion for Leave to File an Answer to the amended counterclaims. [DE 52.] Three days later on October 15, 2010, itself apparently worried that Plaintiffs' argument might in fact be a winner, New Equipment Leasing hedged its bets by filing a Motion for *Nunc Pro Tunc* Relief Authorizing the Filing of its August 10, 2010 Amended Pleading. [DE 55.]

## DISCUSSION

To begin with, Plaintiffs are incorrect that New Equipment Leasing needed the Court's authorization to amend its counterclaims. Rule 15(a)(2) is entirely clear that, after the period during which parties may amend pleadings as a matter of course, a party may amend a pleading in one of two ways: "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under a plain reading of this rule, New Equipment Leasing did not need leave to amend its counterclaims – it already had Plaintiffs' written consent to do so in the joint Rule 26(f) report, which was signed by counsel for all parties. Plaintiffs were thus required to answer the amended counterclaims by August 31, 2010. Plaintiffs failed to do so, and their partial justification that this failure was a result of the amended counterclaims being "buried within the Amended Answer" [DE 51 at 2] is unavailing, to say the least.

This doesn't mean, however, that New Equipment Leasing should prevail on its Motion for Judgment on the Pleadings. Far from it. Under Rule 12(c), a party may move for judgment

on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). In cases like this one, "when, in addition to an answer, a counterclaim is pleaded, the pleadings are closed when the plaintiff serves his reply." *Flora v. Home Fed. Sav. and Loan Ass'n*, 685 F.2d 209, 211 n.4 (7th Cir. 1982). New Equipment Leasing's Motion thus cannot properly be brought pursuant to Rule 12(c) because the Plaintiffs have not yet replied to the amended counterclaims.

I could construe New Equipment Leasing's motion as a request for a default judgment, but I won't. Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). The Clerk has not entered default against the Plaintiffs in this case. Therefore, treating New Equipment Leasing's Motion as one for default judgment does not render it any more viable.

Plaintiffs' apparent complete ignorance that the amended counterclaims had been filed, much less that they would need to be answered under the plain language of Rule 15(a)(2), are serious oversights. But given the potential confusion caused by the substitution of judges in this case, the unsettled status of the Rule 16 conference, and the fact that Plaintiffs have now attempted to fairly promptly correct these failures with their Motion for Leave to Answer the amended counterclaims [DE 52], I will ignore the oversight. Thus, in conjunction with denying New Equipment Leasing's Motion for Judgment on the Pleadings, I will likewise grant Plaintiffs' Motion for Leave to Answer the amended counterclaims and accept Exhibit A of that Motion as the operative pleading on file with this Court. *See A. Bauer Mech., Inc. v. Joint*

4

*Arbitration Bd. of Plumbing Contractors' Ass'n and Chicago Journeymen Plumbers' Local Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009) ("The practice of accepting pleadings attached to motions for leave to file *instanter* is one of judicial economy and is within a district court's discretion.").

## CONCLUSION

Accordingly, New Equipment Leasing, Inc.'s Motion for Judgment on the Pleadings [DE 47] is **DENIED**. Plaintiffs' Motion for Leave to Answer to Amended Counterclaim [DE 52] is **GRANTED**. New Equipment Leasing, Inc.'s Request for Oral Argument [DE 54] and Motion for *Nunc Pro Tunc* Relief Authorizing the Filing of its August 10, 2010 Amended Pleading [DE 55] are **DENIED AS MOOT**.

**SO ORDERED.**

**ENTERED:** October 27, 2010

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT