UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DBS CONSTRUCTION INC. and )
WILLIAM SZARMACH d/b/a )
CHASE STREET AUTO WRECKING, )
)
    Plaintiffs )
)
    v. )  Case No. 2:10-CV-225
)
NEW EQUIPMENT LEASING, INC., )
ROBERT WOLFORD, MILLER JOHNSON )
SNELL & CUMMISKEY PLC, JOHN DOE,)
)
    Defendants )

## OPINION & ORDER

This matter originally was filed on May 6, 2010, in the Lake County Superior Court. That same day, the plaintiff, DBS Construction, served the defendant, New Equipment Leasing (NEL), with its first set of requests for admission. On June 3, 2010, NEL filed notice to have the action removed to federal court. Federal Rule of Civil Procedure 36 requires parties to respond to a request for admissions within 30 days or they risk having the court deem the information admitted. Because NEL did not serve its response to DBS's first request for admissions within 30 days, DBS now moves to have its first requests for admission deemed admitted.

The Federal Rules of Civil Procedure apply to civil actions once they are removed to federal court. Federal Rule of Civil Procedure 81(c)(1). See also Alonzi v. Budget Constr. Co., 55

F.3d 331, 333 (7th Cir. 1995). Federal Rule of Civil Procedure 26(d) prohibits discovery to commence before the parties have conferred about the discovery schedule as required by Rule 26(f). Discovery cannot begin earlier unless authorized by Federal Rule of Civil Procedure 30(a)(2)(c), a local rule, an order, or by stipulation. The record reflects that DBL and NEL did not discuss the discovery schedule until one hour after DBS filed its motion to have its first request for admissions deemed admitted on July 9, 2010. It does not appear that discovery was authorized prior to the parties holding their Rule 26(f) conference. Therefore, discovery could not commence until July 9 2010, and NEL's response to DBS's request for admissions was not due until 30 days after the parties met and conferred. Because NEL filed its response to DBS's requests for admission within 30 days of the parties' Rule 26(f) conference, on July 9, 2010, DBS's motion is DENIED.

Furthermore, it is within the court's discretion to grant permission to file a response to a request for admissions when the party failed to meet the 30 day deadline because of excusable neglect and the opposing party cannot show specific prejudice. Rule 36(a)(3) & (b); Banos v. City of Chicago, 398 F.3d 889, 892 (7th Cir. 2005)("A court, in its discretion, may permit a party to rescind admissions when doing so better serves the presenta-

tion of the merits of the case and the party who benefits from the admissions (usually by relying on them) is not prejudiced."); Smith v. First Nat. Bank of Atlanta, 837 F.2d 1575 (11th Cir. 1988).  NEL's delay is at most excusable neglect because it was based on a reasonable interpretation of the Federal Rules, and DBS did not make any effort to show how it would be prejudiced.

Based on the foregoing, the Motion to Admit Plaintiff's First Set of Requests for Admissions to Defendant [DE 22] filed by the plaintiff, DBS Construction, Inc. is DENIED.

ENTERED this 1st day of November, 2010

                                     s/ Andrew P. Rodovich
                                        United States Magistrate Judge